**E.A. BAKER COMPANY, INC., Appellant,**

v.

**Herbert H. HAFT, Appellee.**

**No. 89–535.**

District of Columbia Court of Appeals.

Argued Feb. 6, 1990.

Decided Aug. 16, 1990.

Francis J. Pelland, with whom Sheira Miller, Washington, D.C., was on the brief, for appellant.

Leonard S. Goodman, with whom Rodney F. Page, Washington, D.C., was on the brief, for appellee.

Before STEADMAN and FARRELL, Associate Judges, and KERN, Senior Judge.

PER CURIAM.

Appellee Haft contracted with appellant Baker Company (Baker) to build his house for the "guaranteed cost" of $4,000,000. The contract provided that the "Architect will provide administration of the Contract and will be the Owner's representative during construction and until final payment is due." Prior to final payment under the contract, disputes arose between the parties. Baker initiated an arbitration proceeding before the American Arbitration Association. Appellee then obtained from the trial court a temporary stay of the arbitration proceedings. Appellee also filed a complaint, seeking to have Baker "enjoined permanently from prosecuting the arbitration [he had] commenced," and to obtain a declaratory judgment that the contract entered into by the parties "does not provide for the arbitration of the disputes raised by" Baker but rather "provides that all disputes between them arising out of the Project will be decided by the Architect and, provided they are made in good faith, that the Architect's decision will be final." Appellee ultimately moved for and obtained summary judgment. The trial court, relying upon the pleadings and the contract, ordered "that the arbitration proceeding commenced by the defendant [Baker] before the American Arbitration Association ... [be] permanently stayed" and that the "disputes be decided by the Project's architect and, provided they are made in good faith and are not arbitrary, that the architect's decisions will be final."

Appellee argues on appeal that "the trial court's conclusion is dictated by the clear and straight-forward expression of the parties' agreement contained in Article 8.5 [of

the contract]." We do not find a clear expression of agreement in the contract and so we are required to reverse the decision of the conscientious trial judge. Our standard of review is the "same, independent review of the record that the trial court undertakes when originally considering the motion [for summary judgment]." *Amalgamated Transit Union v. Hinton,* 511 A.2d 433, 435 (D.C.1986). Summary judgment is not appropriate if the language of the contract at issue in the instant case "is subject to more than one reasonable interpretation ... [and] we cannot discern the intent of the parties without the aid of extrinsic evidence." *Id.* at 435. *Accord, Jessamy Fort & Ogletree v. Lenkin,* 551 A.2d 830 (D.C.1988). We conclude that there is more than one reasonable interpretation of the contract at issue and that extrinsic evidence is required to determine the parties' intent. Hence, summary judgment was not appropriate.

The contract at issue states in Article 8.5:

> The Architect will be the interpreter of the requirements of the Contract Documents. He will make decisions on all claims, disputes or other matters in question between the Contractor and the Owner, but he will not be liable for the results of any interpretation or decision rendered in good faith. The Architect's decisions will be final.

But the contract also states in Article 13.2:

> All claims or disputes between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.... The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

Appellee argues that Articles 8.5 and 13.2 of the contract quoted above are neither inconsistent with each other nor render ambiguous what the parties to the contract intended. He urges that the two Articles, read together, mean that "the parties simply have agreed otherwise than to conduct their arbitration in accordance with AAA rules in favor of a process whereby claims and disputes are submitted to the project's architect." Appellee contends that the parties have clearly agreed "the *forum* for arbitration is before the project's architect and not the AAA." (Emphasis in original.)

Baker responds by pointing to the fact that the architect is appellee's "representative during construction and until final payment is due." He argues that it would be strange, indeed, if the parties intended that the architect, who is appellee's representative, constitute the forum for the *final* arbitration of disputes and claims under the contract rather than AAA, an arbiter without ties to either party. Baker points to Supplement No. 2 to the contract which provides in pertinent part:

> Contractor shall proceed diligently to complete the Work. In the event Contractor believes that any Work constitutes a change, the fact that the Owner may disagree, or that the Architect may disagree ... shall not relieve Contractor of its obligation to proceed diligently to complete the Work, including that which Contractor believes constitutes a change. *Notwithstanding the foregoing, Contractor's rights under the Agreement with respect to changes shall be fully preserved.*

(Emphasis added.)

Baker argues that this language limits the decisional authority of the architect to deciding Baker's claims *during construction* on what work constitutes "change," but preserves Baker's rights under Article 13.2, noted above, to submit all claims or disputes for final decision by "arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining...." Baker asserts that the phrase contained in Article 13.2 permitting the parties to "mutually agree otherwise" authorizes them only to change the Rules of the AAA arbitration, *not* the forum of the arbitration.

Baker further argues that appellee has in effect conceded that the language of Article 8.5 in the contract is unclear and ambiguous by construing the sentence "The Architect's decisions will be final" to mean the architect's decisions will be "final, but only if made in good faith and if not arbitrary." Thus, Baker argues, appellee has himself modified the plain language of Article 8.5, thereby further evidencing the ambiguity of the contract as written and demonstrating the need for extrinsic evidence to determine what the parties intended.[1]

We have reviewed the contract and considered the conflicting interpretations the parties advance. It is not our function to choose between competing interpretations, but rather to determine whether the language of the contract is plain and unambiguous on its face and is susceptible to *only* one reasonable interpretation. We conclude that the language of the contract is neither unambiguous on its face nor does it speak for itself and that "proper interpretation of the contract depends upon evidence outside the contract itself." *Dodek v. CF 16 Corp.*, 537 A.2d 1086, 1093 (D.C. 1988). *See 1010 Potomac Assoc. v. Grocery Manufacturers*, 485 A.2d 199, 205 (D.C.1984) (extrinsic evidence of the parties' intent may be resorted to if the contract at issue is ambiguous).

Accordingly, appellee was not entitled to judgment as a matter of law and, hence, the judgment summarily entered in his favor upon the pleadings, without receiving evidence, must be reversed. The case is remanded "so that the parties can present evidence to support their interpretations." *Amalgamated Transit Union v. Hinton, supra*, 511 A.2d at 435.

*So ordered.*

---

1. We note that Article 13.2, upon which Baker relies for his contention that arbitration by AAA was required, expressly provides that "the award rendered by the arbitrators [of AAA] shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof." Admittedly, it is difficult to imagine how this provision would apply to a "Final" decision by the project's architect.